BENJAMIN B. WAGNER
United States Attorney
MARILEE L. MILLER
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:15-MC-00039-GEB-CKD |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $13,000.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.     On or about December 8, 2014, the U.S. Postal Inspection Service ("USPIS") seized Approximately $13,000.00 in U.S. Currency (the "Defendant Currency") from a package addressed to Drew Goodrow ("Goodrow") at P.O. Box 2524, Grass Valley, California.

2.     The USPIS commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others.  On or about February 4, 2015, the USPIS received a claim from Goodrow asserting an ownership interest in the Defendant Currency.

3.     The United States represents that it could show at a forfeiture trial that on September 28, 2012, inspectors with the USPIS intercepted a suspicious package being sent to P.O. Box 2524, Grass Valley, California.  The package was sent from Candice

Consent Judgment of Forfeiture

Mitchell in Kingsport, Tennessee and paid for with $51.75 in cash.  The package was also subjected to a drug-detection canine who exhibited a change in behavior when she came across the subject package.  This is consistent with the presence of the scent of a controlled substance.

4.     The United States could further show at trial that the inspectors called the phone number listed on the post office box application.  Postal Inspector Michael Chavez attempted to contact Goodrow by way of the telephone number listed on the application for P.O. Box 2524 and known to have been affiliated with Goodrow.  A male who identified himself as "Ryan" answered the phone, stated that he did not know Goodrow, and advised that this was a wrong number.  Agent Chavez attempted to contact Goodrow through another telephone number obtained through a law enforcement database.  A male answered, confirming he was Goodrow and stated that he had been expecting some packages but that he did not know anyone by the name of Candice Mitchell or with the last name Mitchell.  After being informed that a dog had alerted to the package, Goodrow consented to it being opened.

5.     The United States could further show at trial that the box contained a birdhouse in which multiple bundles of cash were hidden, later determined to be $13,000.  The box also contained a towel and a bag of potato chips.  Agent Chavez informed Goodrow by telephone about the contents of the package.  Goodrow acted surprised, stated that he had not ordered a birdhouse, and that he was not expected a large sum of money from anyone.  Goodrow stated that the money must have been sent by mistake because there was no reason anyone would be sending him such a large sum of money.  Goodrow stated that he had previously misplaced his keys to the Post Office Box and suggested that someone could be using the Post Office Box without his permission to receive the money.

6.     The United States could further show at a forfeiture trial that the Defendant Currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

7.     Without admitting the truth of the factual assertions contained in this

Consent Judgment of Forfeiture

stipulation, Drew Goodrow specifically denies the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Goodrow agrees that an adequate factual basis exists to support forfeiture of the Defendant Currency.  Goodrow hereby acknowledges that he is the sole owner of the Defendant Currency, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the Defendant Currency, Goodrow shall hold harmless and indemnify the United States, as set forth below.

8.     This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

9.     This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the Defendant Currency was seized.

10.     The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

11.     The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

12.     Upon entry of the Consent Judgment of Forfeiture, the Approximately $10,000.00 of the Approximately $13,000.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

13.     Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $3,000.00 of the Approximately $13,000.00 in U.S. Currency shall be returned to potential claimant Drew Goodrow through his attorney Jacek W. Lentz.

14.     The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and

Consent Judgment of Forfeiture

all liability arising out of or in any way connected with the seizure or forfeiture of the Defendant Currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Drew Goodrow waives the provisions of California Civil Code § 1542.

15.     No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

16.     All parties will bear their own costs and attorney's fees.

17.     Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

Dated:  May 1, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

Consent Judgment of Forfeiture